FRANK D. MARSHALL. *vs.* THE INHABITANTS OF YORK.

York.   Opinion October 10, 1918.

*Cities and Towns.   Attorneys at Law.   Burden of showing authority to bind city or town.   Limitation and scope of the authority of special committees appointed by towns.*

In an action of assumpsit brought by an attorney to recover for professional services alleged to have been rendered the defendants between November 1, 1906, and April 28, 1908, in connection with the building of the York bridge, it is

*Held:* That the plaintiff cannot recover having failed to show that he was employed by the defendant town or by some duly authorized agent thereof.

Action on the case by an attorney at law to recover for professional services alleged to have been rendered defendant town.   Plea of general issue and brief statement filed by defendant.   By agreement of parties case reported to Law Court.   Judgment in accordance with opinion.

Case stated in opinion.

*Cleaves, Waterhouse & Emery, and John C. Stewart,* for plaintiff.

*E. P. Spinney, and James O. Bradbury,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J.   The plaintiff seeks to recover the sum of $455.93 for legal services alleged to have been rendered the defendant town, between November 1, 1906, and April 28, 1908, in connection with the building of the so-called York bridge.   For the full facts connected with the transaction reference may be had to the cases of *Blaisdell* v. *Inhabitants of York*, 110 Maine, 500; and to *Blaisdell* v. *Inhabitants of York* and *Stewart* v. *Inhabitants of York* decided herewith.

No question is raised as to the performance of the services charged for nor the reasonableness of the amount.   The sole basis of the plaintiff's claim is his employment by the four members of the building

committee of seven chosen at the town meeting held on October 13, 1906. No other authorization is asserted. If that committee had no authority to employ counsel at the expense of the town then the plaintiff cannot recover in this case.

In *Stewart* v. *Inhabitants of York,* decided and announced herewith, the identical question was presented, and this court distinctly held that the committee did not possess this power which they assumed to exercise, and therefore did not bind the town by their acts. The same principle applies here and for the reasons stated in that opinion, which reasons it is unnecessary to repeat. No facts appear in this case to differentiate it from that, and none which either enlarge the authority of the committee or the legal rights of the plaintiff.

The entry must therefore be,

*Judgment for defendants.*